(No. 3807—)

LOUIS E. MITCHELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

CHARLES R. MYERS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM AND C. ARTHUR NEBEL, Assistant Attorneys General, for respondent.

ECKERT, J.

On June 3, 1942, claimant, Louis E. Mitchell, was an employee of the Department of Public Works and Buildings of the State of Illinois, Division of Highways. While pushing a wheelbarrow loaded with stone chips to be used in a bituminous mixture for asphalt shoulders along U. S. Route No. 40, he sustained a bruise in the palm of his left hand. Because of subsequent infection, he was under the care of various doctors from June 11, 1942, to January 8, 1943. During the course of treatment, it be-

came necessary to amputate the second finger of his left hand; the remaining fingers having become stiff and strophied.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

Claimant had been in the employ of the Division approximately two weeks preceding the date of the injury, at a wage rate of 55 cents per hour. Eight hours constituted a normal working day, and employees of the Division engaged in the same capacity and at the same rate as claimant are employed less than two hundred days a year. At the time of the accident claimant had no children under sixteen years of age dependent upon him for support. The basis for determining compensation is therefore a weekly wage of $16.92.

Claimant was temporarily totally disabled from June 3, 1942, to January 8, 1943, a period of 31-2/7 weeks, and was paid compensation in the total amount of $270.48. During this period, however, he was entitled to compensation in the amount of $291.27, so there remains due to him on account of temporary total disability the sum of $20.79.

No claim is made for medical, hospital, or surgical services, but claim is made for total loss of use of claimant's left hand. It is undisputed that he has lost the second finger by amputation, and has suffered serious injury to the first, third, and fourth fingers, and to the tissues of the palm of the hand. Although the original injury appeared slight, the resulting infection was very serious, due partly to the fact that claimant at the time

suffered from diabetes. On August 7, 1942, Dr. J. Albert Key, Professor of Orthopedics at Washington University, St. Louis, reported to the respondent as follows:

"* * * Physical examination—the left hand is considerably swollen; the stump of the middle finger is covered by a granulating wound which is infected; there are two small granulating wounds on the dorsal surface of the hand, apparently old drainage incisions; and there are also sinuses in the palm of the hand at the base of the middle finger. The palm of the hand is distended and when pressure is made on the palm, thick yellow pus exudes from the sinus at the base of the middle finger. There is an infected wound on the tip of the thumb; the index, ring and little fingers are contracted, hyperextended at the base and flexed at the terminal joints. * * *"

On December 3, 1942, Dr. Key again reported:

"I examined Mr. Louis E. Mitchell on November 17. He still has marked disability of his hand, the flexor tendons of the index and ring fingers having been completely destroyed by the infection and all of the soft tissues of the hand having been severely damaged. * * *"

From the medical reports and from personal observation of the claimant, the court is of the opinion that claimant has suffered a ninety per cent loss of use of his left hand. He is therefore entitled to the sum of $8.46 per week for a period of 153 weeks, or the total sum of $1,294.38. Since the injury occurred subsequent to July 1, 1941, the award must be increased ten per cent or $129.44, making a total of $1,423.82.

Award is therefore entered in favor of the claimant for the total sum of $1,444.61 to be paid to him as follows:

(1) The sum of $859.18 which has accrued and is payable forthwith.

(2) The sum of $585.43 payable in 62 weekly installments of $9.31 each, beginning September 12th, 1944, with a final payment of $8.21.